Joshua B. Swigart, Esq. (SBN 49422)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Abbas Kazerounian (SBN 48522)
ak@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523


Attorneys for Plaintiff
Susan J. Herman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Susan J. Herman,<br><br>                     Plaintiff,<br><br>v.<br><br>Quick Collect, Inc.<br><br>                     Defendant. | **Case No:**<br><br>**Complaint for Damages for Violations of the Fair Debt Collection Practices Act and Violations of the Consumer Protection Act**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Susan J. Herman, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Quick Collect, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to a plaintiff, which Plaintiff alleges on her personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All the conduct engaged in by Defendant took place in the Western District of Washington.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9.   Because Defendant does business within the State of Washington, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the City of Buckley, County of Pierce, State of Washington.

11.  At all times relevant, Defendant conducted business within the State of Washington.

### PARTIES

12.  Plaintiff is a natural person who resides in the City of Buckley, State of Washington.

13.  Defendant is located in the City of Portland, in the State of Washington.

14.  Defendant's registered agent is located in the City of Vancouver, State of Washington.

15.  Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

16.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

17.  Sometime before January 6, 2016, Plaintiff is alleged to have incurred certain financial obligations.

18.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before January 6, 2016, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.

20. Subsequent to the alleged default, but before January 6, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about January 6, 2016, Defendant sent a collection letter to Plaintiff.  A few days later, Plaintiff received that letter.

22. In this letter, dated January 6, 2016, Defendant stated the following, "Our information indicates you are employed by North Star Elementary School. Ignoring the payment of this debt will only cause further difficulties.  Please contact us as soon as possible to arrange a payment on the account and stop further collection activity."

23. This letter is threatening in that it suggests to the least sophisticated consumer that Defendant will contact Plaintiff's employer should she not pay the alleged debt as demanded in this letter.

24. When Plaintiff read this letter, she was emotionally distraught at the prospect of Defendant contacting her employer.

25. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken.

26. Through this conduct, Defendant violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect any debt.

27. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. Through this conduct Defendant violated RCW 19.86.020 by using a deceptive act in collecting the alleged debt from Plaintiff.

30.   As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

31.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

32.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**CONSUMER PROTECTION ACT**

**RCW 19.86.020**

34.   Defendant engaged in a deceptive act by telling Plaintiff Defendant was going to contact Plaintiff's employer.

35.   Defendant's conduct occurred in commerce during the collection of an alleged debt.

36.   Plaintiff suffered emotional damages because of this conduct by Defendant.

37.   As a result of each and every violation of the Washington Consumer Protection Act, Plaintiff is entitled to any actual damages, costs, and attorneys fees pursuant to RCW 19.86.090.

38.   Plaintiff is further requesting the court treble damages pursuant to RCW 19.86.090 due to the reprehensible nature of Defendant's conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to RCW 19.86.090;
- An award of costs of litigation and reasonable attorney's fees, pursuant to RCW 19.86.090;
- An award of treble damages pursuant to RCW 19.86.090.

39.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: June 10, 2016                    By: **_/s/ Joshua B. Swigart_**
                                       Joshua B. Swigart
                                       Attorneys for Plaintiff